UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH DIMITRI JOHNSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 25-1860 (TSC) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of petitioner Keith Dimitri Johnson's *pro se* petition for a writ of habeas corpus, ECF No. 1("Pet."). For the reasons explained below, the Court will dismiss the petition.

Petitioner is serving a term of imprisonment imposed upon his criminal conviction in the Superior Court of the District of Columbia. Pet. at 1 (page numbers designated by CM/ECF). He challenges his conviction insofar as it is based on the testimony of the witness who identified petitioner as the perpetrator. *See id*. at 2, 6-7. In addition, Petitioner alleges that the presiding judge imposed an "Illegal Sentence." *See id*. at 2, 3. Petitioner "would like to be allowed to be sent back to challenge the Whole Identification process." *Id*. at 7.

As courts have ruled before, *see Johnson v. Att'y Gen. for District of Columbia*, No. 25-cv-0774 (UNA), 2025 WL 1094201, at *1 (D.D.C. Apr. 10, 2025), *appeal docketed*, No. 25-7142 (D.C. Cir. Sept. 26, 2025); *Johnson v. District of Columbia Att'y Gen.*, No. 1:24-cv-3223 (UNA), 2025 WL 387966 (D.D.C. Jan. 31, 2025); *Johnson v. Hudgins*, No. 5:21-cv-0106, 2021 WL 3828692, at *4 (N.D.W. Va. July 22, 2021), *report and recommendation adopted,* No. 5:21-cv-

1

0106, 2021 WL 3824824 (N.D.W. Va. Aug. 26, 2021), Petitioner must first bring a challenge to his conviction and sentence in the Superior Court. D.C. Code § 23-110 provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

*Id.* § 23-110(a). This federal district court cannot entertain Petitioner's habeas petition "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) (explaining that § 23-110 "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)"). Petitioner make no such showing. And insofar as Petitioner seeks review, revision, or reversal of the rulings of a District of Columbia court, this federal district court lacks jurisdiction to do so. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994), *cert. denied*, 513 U.S. 1150 (1995).

An Order is issued separately.

DATE: January 5, 2026                        /s/
                                             TANYA S. CHUTKAN
                                             United States District Judge